UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFFY ALVAREZ, Petitioner, v. WARDEN SALMONSON, Respondent. | No. 2:26-cv-0090 DJC CSK P<br><br>ORDER |

Petitioner, a federal prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the filing fee. Petitioner challenges a disciplinary proceeding that took place at the Federal Correctional Institution in Lompoc, California ("FCI Lompoc"), and seeks restoration of good time credits. (ECF No. 1.) As discussed below, this action is transferred to the United States District Court for the Central District of California.

I. BACKGROUND

On July 22, 2026, respondent timely filed a motion to dismiss this action for lack of venue. (ECF No. 10.) Petitioner did not file an opposition. (See Docket.)

II. DISCUSSION

Petitioner was convicted and sentenced in the United States District Court for Alaska. (ECF No. 10-1 at 3.) Petitioner is currently incarcerated in FCI Lompoc. "Habeas corpus

jurisdiction is available under 28 U.S.C. § 2241 for a [federal] prisoner's claims 'that he has been denied good time credits' or 'subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law.'" Fiorito v. Entzel, 829 F. App'x 192, 193 (9th Cir. 2020) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Petitioner has been housed at FCI Lompoc throughout the pendency of this action; therefore, venue is proper in the district of confinement, which is the Central District of California. See United States v. Brugnara, 793 F. App'x 596 (9th Cir. 2020) (finding that § 2241 petition challenging disciplinary proceeding and credit loss must be heard in custodial court). Because petitioner was not convicted in this district, and is not presently confined here, this court does not have jurisdiction to entertain the § 2241 application. Thus, respondent's motion is well taken.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed. . . ." 28 U.S.C. § 1631. Accordingly, rather than dismissal, the Court finds that transfer of the petition to the United States District Court for the Central District of California is appropriate in the interest of justice.

In accordance with the above, IT IS HEREBY ORDERED that respondent's motion (ECF No. 10) is partially granted, and this matter is transferred to the United States District Court for the Central District of California.

Dated: November 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/alva0090.108.2241